CEPHAS H. DOUGLASS *vs.* LUCINDA LIBBEY.

*Real action.*

In a real action, under the general issue, the defendant in possession of demanded premises, cannot be disturbed until the plaintiff show a better title.

Thus, the plaintiff put in evidence a copy of his writ against one Charles Moulton, with the return and record thereof of the attachment of the latter's real estate, dated Aug. 17, 1867, a copy of the judgment recovered Feb. 4, 1868, and of a seasonable extent duly recorded of the execution on the demanded premises. The defendant proved his possession at the time, and ever since the plaintiff's attachment, and offered in evidence a mortgage of the premises to herself, from C. Moulton, dated July 20, 1867, and recorded Aug. 19, 1867, and a deed from C. Moulton to J. Moulton, dated and recorded July 23, 1867, with a quitclaim back, dated Oct. 27, 1868. *Held*, that the defendant had the better title.

ON REPORT.

WRIT OF ENTRY dated Oct. 4, 1869. Plea, general issue.

The plaintiff read in evidence an attested copy of a writ in his favor, against Charles H. Moulton, dated Aug. 15, 1867, with the officer's return thereon and record thereof of an attachment of the said Moulton's real estate, dated Aug. 17, 1867; of the judgment, dated Feb. 4, 1868; of the execution, dated Feb. 17, 1868; and of the officer's return thereon and record thereof of the levy of the execution on said premises, dated March, 2, 1868.

It appeared that the defendant was in possession at the time of the plaintiff's attachment and had continued in possession ever since.

The defendant offered in evidence a deed of mortgage of the demanded premises, from Charles Moulton to herself, dated July 20, 1867, and recorded Aug. 19, 1867; an attested copy of a deed of warranty of the same premises, from Charles H. Moulton to James L. Moulton, dated July 23, 1867, and recorded same day; and an attested copy of a quitclaim deed, dated Oct. 27, 1868, from James L. Moulton to Charles H. Moulton.

The court to enter such judgment as the law and evidence required.

*J. & E. M. Rand & A. P. Moore*, for the plaintiff.

*A. A. Strout*, for the defendant.

APPLETON, C. J. This is a writ of entry. The plaintiff claims title by virtue of a levy made on the demanded premises, as the estate of Charles H. Moulton. The attachment in the suit was made and recorded 17th August, 1867. The levy bears date March 2, 1868.

The defendant was in possession at the date of the alleged attachment in the suit against Moulton, and has so remained to the present time. She further justifies her possession under a mortgage from said Charles H. Moulton, dated 20th July, 1867, but not recorded until 19th August, 1867

The plaintiff, before he can disturb the possession of the defendant, must show a better title.

The plaintiff has not produced any deed from the tenant nor from any one else, of the premises to Charles H. Moulton. Nor has he offered the record of any, or shown that Moulton had ever been in possession of the same prior to the attachment, or that at that time he had any attachable interest therein.

If, previously to the attachment, Charles H. Moulton had acquired any title to the demanded premises (of which there is no proof), then the evidence offered shows that previous thereto he had conveyed his interest in the same to James L. Moulton, by deed of warranty, bearing date, July 23, 1867, and recorded the same day.

The levy was made March 2, 1868. But from the evidence received and from that offered, it is manifest that at the time of the attachment and of the levy, the judgment debtor had neither possession nor title of record nor in fact. So far as is shown by the case, the levy might as well have been made upon the estate of any other man in the county, and it would have been equally as effective to convey a title as the one which was made.

Further, long prior to the date of the levy the defendant's mortgage had been duly recorded, so that it took precedence of the levy, there having been no valid attachment of the premises.

There are other questions raised, but in the present aspect of the case it is not necessary to consider them.

                                    *Judgment for defendant.*

KENT, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.